
**TIFFANY & BOSCO**
P.A.
2525 EAST CAMELBACK ROAD SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-16702 / 0999054422

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Robert D. North and Tammy S. North<br>        Debtors.<br>_____<br>U.S. Bank National Association, as Trustee for YMLT 2007-1<br><br>        Movant,<br>    vs.<br><br>Robert D. North and Tammy S. North, Debtors; Russell A. Brown, Trustee.<br><br>        Respondents. | No. 2:08-bk-04470-JMM<br><br>Chapter 13<br><br>EXPARTE ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO THE TERMS OF THE ADEQUATE PROTECTION ORDER |

    Pursuant to the Order entered on December 18, 2009, attached hereto as Exhibit "A", and by this reference incorporated herein, the above-referenced Debtors; were obligated to make specified payments which they have failed to make.

    The Debtors have failed to comply thereby necessitating a written Notice of Default.

Attached hereto as Exhibit "B" is a copy of the Notice of Default.

Based on the failure to cure the contractual agreement of the parties, the prior court order and good cause appearing:

IT IS HEREBY ORDERED that the Automatic Stay is the above-entitle Bankruptcy case is immediately extinguished for all purposes as to Secured Creditor, U.S. Bank National Association, as Trustee for YMLT 2007-1 and U.S. Bank National Association, as Trustee for YMLT 2007-1 may exercise whatever state law or contractual rights it may have regarding the property generallydescribed as: PO Box 991 Pine, AZ 85544 ("Property" herein) and legally described as:

TRACT "A", OF PrNE CREEK SUBDIVISION #2, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF GILA COUNTY, ARIZONA, RECORDED IN MAP(S) NO. 230.

EXCEPT THE FOLLOWrNG DESCRIBED PORTION OF TRACT "A", DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF LOT 56, OF PINECREEK NO.3, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF GILA COUNTY, ARIZONA, RECORDED IN MAP NO. 266;

THENCE EAST 90 FEET TO A POINT;

THENCE NORTHWEST 200 FEET TO A POINT ON THE EAST LOT LINE OF LOT 54, SAID PINECREEK NO.3;

THENCE SOUTH, TO THE POINT OF BEGlNNING.

ALSO EXCEPTING A PARCEL OF LAND FOR ROADWAY PURPOSES ACROSS A PORTION OF TRACT "A", OF PINE CREEK SUBDIVISION #2 MAP NO. 230, GILA COUNTY RECORDS, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID TRACT "A" SAID POINT BEING A DISTANCE OF NORTH 89 DEGREES 58 MINUTES 00 SECONDS WEST 789.80 FEET FROM THE 1/16 CORNER;

THENCE SOUTH 89 DEGREES 58 MINUTES 00 SECONDS EAST, 30.72 FEET TO THE SOUTHEAST CORNER AS SHOWN ON PINECREEK NO.3, GILA COUNTY MAP NO. 266 AND THE TRUE POINT OF BEGINNING;

THENCE NORTH 79 DEGREES 11 MINUTES 00 SECONDS EAST, A DISTANCE OF 222.87 FEET TO THE SOUTHWESTERLY LINE OF PINE CREEK DRIVE AS DEDICATED ON THE PLAT OF PINE CREEK SUBDIVISION #2, MAP NO. 230, GILA COUNTY RECORDS;

THENCE NORTH 62 DEGREES 53 MINUTES 33 SECONDS WEST, A DISTANCE OF 53.70 FEET TO AN ANGLE POINT IN SAID LINE;

THENCE NORTH 34 DEGREES 43 MINUTES 06 SECONDS WEST, A DISTANCE OF 22.96 FEET;

THENCE SOUTH 79 DEGREES 11 MINUTES 00 SECONDS WEST, A DISTANCE OF 103.31 FEET TO THE EAST LINE OF THE LAND OF JAMES E. JOHNSON PER DOCKET 374, PAGE 621;

THENCE SOUTH 44 DEGREES 32 MINUTES 37 SECONDS EAST, A DISTANCE OF 22.74 FEET TO A POINT;

THENCE WEST 90.00 FEET TO THE SOUTHEAST CORNER OF LOT 56 OF SAID PINECREEK NO.3;

THENCE SOUTH 19 DEGREES 26 MINUTES 00 SECONDS EAST, A DISTANCE OF 52.57 FEET ALONG THE EAST LINE OF SAID PINECREEK NO.3 TO THE POINT OF

BEGINNING.

IT IS FURTHER ORDERED U.S. Bank National Association, as Trustee for YMLT 2007-1 and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

IT IS FURTHER ORDERED that all conditions of the adequate protection order regarding conversions are binding and are hereby affirmed in this Order as well.

DATED this _____ day of _____, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "A"
THIS ORDER IS APPROVED.

Dated: December 18, 2008



*James M. Marlar*
**JAMES M. MARLAR**
U.S. Bankruptcy Judge

---

1  **PERRY & SHAPIRO, L.L.P.**
   3300 N. Central Avenue, #2200
2  Phoenix, Arizona 85012
   (602) 222-5711
3  (602) 222-5701 Facsimile
   (847) 627-8802 Facsimile
4  AZNotices@logs.com, e-mail
   Christopher R. Perry, Bar #009801
5  Jason P. Sherman, Bar #019999
   Attorney for Yale Mortgage Corporation
6  [FILE 11-70006 YME]

7

8                   UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF ARIZONA

9

| In re: | Case # 2-08-04470-JMM |
|---|---|
| ROBERT D. NORTH AND TAMMY S. NORTH, | Chapter 13 Proceedings |
| Debtors. | |
| YALE MORTGAGE CORPORATION, its assigns and / or successors-in-interest, | **Consent Order Modifying the Automatic Stay** |
| Movant, | |
| v. | |
| ROBERT D. NORTH AND TAMMY S. NORTH, Russell Brown, Trustee, | |
| Respondents. | |

Upon a negotiated stipulation between the parties to this contested matters as described below, and for good cause appearing,

THE PARTIES AGREE AND **THE COURT FINDS:**

1.  Yale Mortgage Corporation ("YALE"), filed a Motion for Relief from the Automatic Stay and served a copy upon the Debtors, Debtors' counsel, if any, and the Bankruptcy
CONSENT ORDER MODIFYING AUTOMATIC STAY    - 1 -    #2-08-04470-JMM

1 | Trustee. YALE filed and served a copy of the Notice of Filing a
2 | Motion for Relief from the Automatic Stay upon the required
3 | interested parties.

4 |     2. YALE is the present holder and owner of a Note
5 | and Deed of Trust, true copies of which are attached to the
6 | Motion for Relief from Stay filed with the Court.

7 |     3. The Deed of Trust is a lien on the Debtors' real
8 | property generally described as 3398 N. Pine Creek Drive, Pine,
9 | AZ 85544 and legally described as:

> TRACT "A", OF PINE CREEK SUBDIVISION #2,
> ACCORDING TO THE PLAT OF RECORD IN THE
> OFFICE OF THE COUNTY RECORDER OF GILA
> COUNTY, ARIZONA, RECORDED IN MAP(S) NO. 230.
> EXCEPT THE FOLLOWING DESCRIBED PORTION OF
> TRACT "A", DESCRIBED AS FOLLOWS:
> BEGINNING AT THE SOUTHEAST CORNER OF LOT 56,
> OF PINECREEK NO 3, ACCORDING TO THE PLAT OF
> RECORD IN THE OFFICE OF THE COUNTY RECORDER
> OF GILA COUNTYM ARIZONA, RECORDED IN MAP NO
> 266;
> THENCE EAST 90 FEET TO A POINT;
> THENCE NORTHWEST 200 FEET TO A POINT ON THE
> EAST LOT LINE OF LOT 54, SAID PINECREEK NO.
> 3;
> THENCE SOUTH, TO THE POINT OF BEGINNING.
> ALSO EXCEPTING A PARCEL OF LAND FOR ROADWAY
> PURPOSES ACROSS A PORTION OF TRACT "A", OF
> PINE CREEK SUBDIVISION #2 MAP NO. 230, GILA
> COUNTY RECORDS, MORE PARTICULARLY DESCRIBED
> AS FOLLOWS:
> COMMENCING AT THE SOUTHWEST CORNER OF SAID
> TRACT "A" SAID POINT BEING A DISTANCE OF
> NORTH 89 DEGREES 58 MINUTES 00 SECONDS WEST
> 789.80 FEET FROM THE 1/16 CORNER;
> THENCE SOUTH 89 DEGREES 58 MINUTES 00
> SECONDS EAST, 30.72 FEET TO THE SOUTHEAST
> CORNER AS SHOWN ON PINECREEK NO. 3 GILA
> COUNTY MAP NO. 266 AND THE TRUE POINT OF

```
 1              BEGINNING;
                THENCE NORTH 79 DEGREES 11 MINUTES 00
 2              SECONDS EAST, A DISTANCE OF 222.87 FEET TO
                THE SOUTHWESTERLY LINE OF PINE CREEK DRIVE
 3              AS DEDICATED ON THE PLAT OF PINE CREEK
                SUBDIVISION #2, MAP NO. 230, GILA COUNTY
 4              RECORDS;
                THENCE NORTH 62 DEGREES 53 MINUTES 33
 5              SECONDS WEST, A DISTANCE OF 53.70 FEET TO AN
                ANGEL POINT IN SAID LINE;
 6              THENCE NORTH 34 DEGREES 43 MINUTES 06
                SECONDS WEST, A DISTANCE OF 22.96 FEET;
 7              THENCE SOUTH 79 DEREES 11 MINUTES 00 SECONDS
                WEST, A DISTANCE OF 103.31 FEET TO THE EAST
 8              LINE OF THE LAND OF JAMES E. JOHNSON PER
                DOCKET 374, PAGE 621;
 9              THENCE SOUTH 44 DEGREES 32 MINUTES 37
                SECONDS EAST, A DISTANCE OF 22.74 FEET TO A
10              POINT;
                THENCE WEST 90.00 FEET TO THE SOUTHEAST
11              CORNER OF LOT 56 OF SAID PINECREEK NO. 3;
                THENCE SOUTH 19 DEGREES 26 MINUTES 00
12              SECONDS EAST, A DISTANCE OF 52.57 FEET ALONG
                THE EAST LINE OF SAID PINECREEK NO. 3 TO THE
13              POINT OF BEGINNING
```

14.    4.    The Debtors have defaulted in making the regular post-petition monthly payments due under the terms of the Note to YALE.

17.    5.    The post-petition default consists of the following amounts due to YALE from the Debtors:

```
Regular payments for May 2008 through
November 2008 (7 months) at $1,098.63
per month.........................................$7,690.41

Taxes and/ or Insurance........................$  594.19

Bankruptcy Attorneys' Fees & Costs.............$  800.00

"TOTAL ARREARAGE".............................$9,084.60
```

**THEREFORE, IT IS HEREBY ORDERED:**

1. The Debtors shall pay YALE the Total Arrearage as follows:

    a. $549.32 per month due on or before the fifteenth day of each month for the months of January 2008 through March 2010 (15 months); and

    c. $295.48 due on or before April 15, 2010.

    All payments under this paragraph shall be made payable to YALE and sent to the following address:

    YALE
    4100 NE 2nd Avenue
    Suite 206
    Miami, Florida 33137

2. The Debtors shall resume making regular monthly payments to YALE, starting with the payment due December 1, 2008, in addition to the payments described in paragraph 1 above.

3. The Debtors shall maintain the regular monthly plan payments to the Trustee in a timely fashion.

4. In the event the Debtors have not timely and properly made the payments set forth in paragraphs 1 or 2 above, YALE may file with the Court and serve on the Debtors and Debtors' counsel a Notice of Default. If the payment described in the Notice of Default is not received in YALE's offices, together with any applicable late charge, within fifteen (15)

days after the Notice is mailed, then the automatic stay of 11 U.S.C. § 362 and the automatic injunction of 11 U.S.C. § 524 shall be immediately and automatically vacated with respect to YALE's interest in the property, allowing YALE to pursue any of its remedies at law or in equity, including but not limited to noticing and holding a Trustee's Sale of the Property. At YALE's option, YALE may serve and file with the court a Notice of Non-Compliance to memorialize the failure of the Debtors to cure the breach.

5. Upon the filing of the fourth Notice of Default described above, the Automatic Stay of 11 U.S.C. § 362 shall automatically and immediately be vacated with respect to YALE without any further opportunity for the Debtors to cure the default described therein.

6. In the event that YALE should have to file a Notice of Default all subsequent payments to YALE must be made in the form of a cashier's check or certified funds, including the payment necessary to cure any amount shown in a Notice of Default. Further, Debtors agrees to pay YALE an additional $100.00 for additional attorneys' fees incurred by YALE due to the Debtors' late payment. The additional $100.00 shall be added to the next payment due to YALE from the Debtors, and

included in the amount necessary to cure the breach described in the Notice of Default. The Debtors shall pay these additional attorneys' fees for each Notice of Default filed by YALE.

7. In the event this Order conflicts with an Order Confirming the chapter 13 plan, this Order will determine the rights between the parties hereto.

8. Unless and until otherwise ordered, the Automatic Stay imposed against YALE shall remain modified as stated herein under this and any other chapter of the Bankruptcy Code to which this case may convert. However, in the event of a conversion of this case to a proceeding under Chapter 7, the loan payments must be brought current in accordance with the terms of the original Note, or else YALE may file and serve a Notice of Default as described in paragraph 4 above, for the entire amount then in default.

9. This agreement is made in light of the existing stay imposed by this bankruptcy case against YALE. Upon the entry of a Discharge Order in this bankruptcy case or an Order Dismissing this bankruptcy case the automatic stay will then be vacated as a matter of law; further, this catch-up agreement will be null and void, and the loan payments must be current or made current immediately following the entry of such an Order, or YALE may pursue its rights and remedies against the Debtors

or the Property, including foreclosure actions against the Property.

DATED: _____

_____
James M. Marlar
U.S. BANKRUPTCY COURT JUDGE

Re: CASE # 2-08-04470-JMM
APPROVED AS TO FORM AND CONTENT BY:

*Robert D. North*
*Tammy S. North*
Robert D. North
and Tammy S. North

_____
Jason P. Sherman
Attorney for YALE

# Notice Recipients

District/Off: 0970−2     User: cantrellp     Date Created: 12/19/2008
Case: 2:08−bk−04470−JMM     Form ID: pdf004     Total: 4

**Recipients of Notice of Electronic Filing:**
tr     RUSSELL BROWN
aty     JASON 1 SHERMAN     ECFNotices@logs.com

                                                                                                  TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db     ROBERT D NORTH     PO BOX 991     PINE, AZ 85544
jdb     TAMMY S NORTH     PO BOX 991     PINE, AZ 85544

                                                                                                  TOTAL: 2

FORM ntcntry

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:  Case No.: 2:08−bk−04470−JMM

**ROBERT D NORTH**  
PO BOX 991  
PINE, AZ 85544  
**SSAN:** xxx−xx−5316  
**EIN:**

Chapter: 13

**TAMMY S NORTH**  
PO BOX 991  
PINE, AZ 85544  
**SSAN:** xxx−xx−7162  
**EIN:**

Debtor(s)

## NOTICE OF ENTRY OF JUDGMENT OR ORDER

You are hereby notified that on December 19, 2008, this Court entered the enclosed judgment or order on the docket for the above−entitled proceeding.

I hereby certify that on this date a copy of this notice and the judgment or order were sent to the Bankruptcy Noticing Center for mailing to the parties and the U.S. Trustee.

**Date: December 19, 2008**

**Address of the Bankruptcy Clerk's Office:**  
U.S. Bankruptcy Court, Arizona  
230 North First Avenue, Suite 101  
Phoenix, AZ 85003−1727  
Telephone number: (602) 682−4000  
www.azb.uscourts.gov

Clerk of the Bankruptcy Court:

**Brian D. Karth**

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0970−2 | User: cantrellp | Date Created: 12/19/2008 |
| Case: 2:08−bk−04470−JMM | Form ID: ntcntry | Total: 4 |

**Recipients of Notice of Electronic Filing:**
tr      RUSSELL BROWN
aty     JASON 1 SHERMAN     ECFNotices@logs.com

                                                                                                             TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db      ROBERT D NORTH     PO BOX 991     PINE, AZ 85544
jdb      TAMMY S NORTH      PO BOX 991     PINE, AZ 85544

                                                                                                              TOTAL: 2

# Exhibit "B"

**TIFFANY & BOSCO**
P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-16702/0999054422

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>Robert D. North and Tammy S. North<br>         Debtors.<br>_____<br>America's Servicing Company as servicer for Yale Mortgage Corporation<br><br>         Movant,<br>    vs.<br><br>Robert D. North and Tammy S. North, Debtors; Russell A. Brown, Trustee.<br><br>         Respondents. | No. 2:08-bk-04470-JMM<br><br>Chapter 13<br><br>NOTICE OF DEFAULT<br><br>RE: Real Property Located at<br>3398 N. Pine Creek Dr.<br>Pine, AZ 85544 |

America's Servicing Company as servicer for Yale Mortgage Corporation secured creditor, (hereinafter referred to as "Secured Creditor"), by its attorneys TIFFANY & BOSCO, P.A., hereby files this Notice of Default in the above-captioned case, and avers as follows:

1. An Order was entered on December 18, 2008 which provides for the lifting of the stay imposed by Section 362(a) of the U.S. Bankruptcy Code with respect to that certain Deed of Trust

recorded in the records of the Gila County, Arizona Recorder's Office, which encumbers the following real property:

> TRACT "A", OF PrNE CREEK SUBDIVISION #2, ACCORDrNG TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF GILA COUNTY, ARIZONA, RECORDED IN MAP(S) NO. 230. EXCEPT THE FOLLOWrNG DESCRIBED PORTION OF TRACT "A", DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHEAST CORNER OF LOT 56, OF PINECREEK NO.3, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF GILA COUNTY, ARIZONA, RECORDED IN MAP NO. 266; THENCE EAST 90 FEET TO A POINT; THENCE NORTHWEST 200 FEET TO A POINT ON THE EAST LOT LINE OF LOT 54, SAID PINECREEK NO.3; THENCE SOUTH, TO THE POINT OF BEGlNNING. ALSO EXCEPTING A PARCEL OF LAND FOR ROADWAY PURPOSES ACROSS A PORTION OF TRACT "A", OF PINE CREEK SUBDIVISION #2 MAP NO. 230, GILA COUNTY RECORDS, MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHWEST CORNER OF SAID TRACT "A" SAID POINT BEING A DISTANCE OF NORTH 89 DEGREES 58 MINUTES 00 SECONDS WEST 789.80 FEET FROM THE 1/16 CORNER; THENCE SOUTH 89 DEGREES 58 MINUTES 00 SECONDS EAST, 30.72 FEET TO THE SOUTHEAST CORNER AS SHOWN ON PINECREEK NO.3, GILA COUNTY MAP NO. 266 AND THE TRUE POINT OF BEGINNING; THENCE NORTH 79 DEGREES 11 MINUTES 00 SECONDS EAST, A DISTANCE OF 222.87 FEET TO THE SOUTHWESTERLY LINE OF PINE CREEK DRIVE AS DEDICATED ON THE PLAT OF PINE CREEK SUBDIVISION #2, MAP NO. 230, GILA COUNTY RECORDS; THENCE NORTH 62 DEGREES 53 MINUTES 33 SECONDS WEST, A DISTANCE OF 53.70 FEET TO AN ANGLE POINT IN SAID LINE; THENCE NORTH 34 DEGREES 43 MINUTES 06 SECONDS WEST, A DISTANCE OF 22.96 FEET; THENCE SOUTH 79 DEGREES 11 MINUTES 00 SECONDS WEST, A DISTANCE OF 103.31 FEET TO THE EAST LINE OF THE LAND OF JAMES E. JOHNSON PER DOCKET 374, PAGE 621; THENCE SOUTH 44 DEGREES 32 MINUTES 37 SECONDS EAST, A DISTANCE OF 22.74 FEET TO A POINT; THENCE WEST 90.00 FEET TO THE SOUTHEAST CORNER OF LOT 56 OF SAID PINECREEK NO.3; THENCE SOUTH 19 DEGREES 26 MINUTES 00 SECONDS EAST, A DISTANCE OF 52.57 FEET ALONG THE EAST LINE OF SAID PINECREEK NO.3 TO THE POINT OF BEGINNING.

A Copy of said Order is attached hereto as Exhibit "A".

2. As of the date of this Notice of Default, the Debtors have not made the payments as required by the aforementioned Order. The Debtors are presently past due as follows:

| | | | |
|---|---|---|---|
| a. | 10 Monthly Payments at $1,098.63 <br> (December 1, 2008 – September 1, 2009) | | $10,986.30 |
| b. | 8 Stipulated payments at $549.32 <br> (January 15, 2009 – August 15, 2009) | | $4,394.56 |
| c. | 9 Late Charges at $45.97 | | $413.73 |

| | (December 16, 2008 – August 16, 2008) | |
| --- | --- | --- |
| d. | Attorneys Fees | <u>$150.00</u> |
| | Total Reinstatement | $15,944.59 |

3. Debtors are responsible for the subsequent payments that will come due during this Default period:

| a. | 1 Stipulated payments at $549.32 | $549.32 |
| --- | --- | --- |

PARTIAL TENDERS WILL NOT BE ACCEPTED

4. Notice is hereby given to the Bankruptcy Court, Debtors, counsel for Debtors, and Trustee, that unless debtor' default under the terms of the Stipulation and Order is cured not later than fifteen (15) days from date of this Notice, that Movant will proceed, pursuant to the Court's Order lifting the stay, to conduct a Trustee's Sale or mortgage foreclosure, in its discretion, with respect to the above-described Deed of Trust.

DATED this 1st day of September, 2009.

TIFFANY & BOSCO, P.A.

By  /s/ MSB # 010167
    Mark S. Bosco
    Leonard J. McDonald
    2525 East Camelback Road
    Suite 300
    Phoenix, Arizona 850165
    Attorneys for Movant

*If the Debtor cures the default prior to the date of expiration this amount may be different.